GEORGE BAYLISS and THE MAYOR AND COUNCIL OF THE
BOROUGH OF NORTH ARLINGTON, appellants,

*v.*

THE NEWARK AND HACKENSACK TRACTION COMPANY,
respondent.

·[Filed July 2d, 1901.]

The jurisdiction of the court of chancery denied in the case stated.

On appeal from a decree advised by Vice-Chancellor Pitney.

*Mr. Addison Ely,* for the appellants.

*Mr. Charles D. Thompson,* for the respondent.

The opinion of the court was delivered by

VOORHEES, J.

The Newark and Hackensack Traction Company was operating
a traction road on Belleville avenue, in North Arlington, under
and by virtue of an ordinance of the borough passed December
16th, 1896; this ordinance provided that the rails comprising
the tracks of the company should be laid so as to conform to the
surface of the avenue at the time they were laid, and should be
raised or lowered at the expense of the company to conform to
any alteration of the grade which might thereafter be made by
the borough.

On the 24th of May, 1900, George Bayliss, the mayor of the
borough, saw a body of men at work on the company's tracks on
Belleville avenue. They had proceeded about four or five feet
over the line dividing the town of Kearny from North Arlington
when he approached the foreman and asked them what they
were doing; he was informed by him "that they were raising

Bayliss *v.* Newark and Hackensack Traction Co.

the tracks through there." He notified the foreman that he could not proceed further with raising the tracks through the borough; that they were already above the surface of the street, and that he would not, as mayor of the borough, permit them to be raised to any higher elevation.

The company then applied to the court of chancery and procured an order to show cause, with a restraining order, commanding the mayor and council to desist and refrain from interfering with the work of the company on their tracks in the borough. This injunction was afterwards made perpetual. The company had no further or greater authority in the avenue than was granted to it by the ordinance. They were required, under its terms, to maintain the tracks so that they should conform to the surface of the avenue. It appears that the rails were at that time beyond the restrictions of the ordinance and above the surface of the street, and the mayor was informed by the foreman in charge of the workmen that they were in the act of raising them still higher. As the executive officer of the borough he directed them to stop the work and forbade further raising of the tracks. No force or violence was used, and the mayor does not appear to have done any improper or unlawful act. He was justified, from the information he received, in forbidding further elevation of the tracks and in ordering the work thereon to stop. The facts do not justify the interference of the court of chancery, and the injunction should be dissolved and the bill dismissed.

*For reversal*—VAN SYCKEL, DIXON, GARRISON, GUMMERE, COLLINS, GARRETSON, HENDRICKSON, BOGERT, KRUEGER, ADAMS, VREDENBURGH, VOORHEES, VROOM—13.

*For affirmance*—None.